■ ARIS MULTI-STRATEGY FUND, L.P., et al., Appellants, v ACCIPITER LIFE SCIENCES FUND II (QP), L.P., et al., Respondents. [933 NYS2d 202]—

In Delaware, as elsewhere, a court will give full force to the terms of a contract that diminishes the fiduciary duty of care a general partner owes the limited partners (*see Continental Ins. Co. v Rutledge & Co., Inc.*, 750 A2d 1219, 1235 [Del Ch 2000]; *Collins & Aikman Corp. v Stockman*, 2009 WL 1530120, *20, 2009 US Dist LEXIS 43472, *63-64 [D Del 2009]). Here,

contractual clauses limited defendants' liability to losses caused by "gross negligence, willful misconduct, or violation of applicable laws," and thus served to exculpate defendants from breach of fiduciary duty claims that do not involve allegations of this misconduct (*see Schuss v Penfield Partners, L.P.,* 2008 WL 2433842, *10, 2008 Del Ch LEXIS 73, *33-34 [Del Ch 2008]; *Cincinnati Bell Cellular Sys. Co. v Ameritech Mobile Phone Serv. of Cincinnati, Inc.,* 1996 WL 506906, *9, 1996 Del Ch LEXIS 116, *26-27 [Del Ch 1996], *affd* 692 A2d 411 [Del 1997]).

That defendants failed, in the months prior to the financial crisis of October 2008, to prepare to liquidate the funds to make an equitable distribution to all partners, such as by suspending all redemptions at a time when there was sufficient liquidity to satisfy all redemption requests was insufficient to allege "gross negligence, willful misconduct, or violation of applicable laws." Also insufficient is the allegation that defendant Hoffman failed to fulfill purported representations made to plaintiffs that he would: (1) protect all investors by not letting the funds' illiquid positions grow; (2) liquidate the funds and offer any remaining investors the opportunity to transfer their investments into another fund; and (3) personally buy all illiquid positions from the funds. These allegations cannot overcome the presumption that these were business decisions made on an informed basis (*see Albert v Alex. Brown Mgt. Servs., Inc.,* 2005 WL 5750602, 2005 Del Ch LEXIS 133 [Del Ch 2005]). Accordingly, the court properly dismissed the causes of action for breach of fiduciary duty and gross negligence.

Dismissal of the claim for unjust enrichment was also proper because the governing agreements between the parties cover any allegations in connection with the procedures for requesting redemptions, payment upon redemption, and the general partner's ability to suspend redemptions to limited partners, including plaintiffs' claims regarding the purported representations defendant Hoffman made (*see Kuroda v SPJS Holdings, L.L.C.,* 971 A2d 872, 891 [Del Ch 2009]; *EBC I, Inc. v Goldman, Sachs & Co.,* 5 NY3d 11, 23 [2005]). Nor may plaintiffs hold defendant Hoffman individually liable on a theory of unjust enrichment because he was not a party to the contract (*Kuroda,* 971 A2d at 891-892).

The court did not err in dismissing the claims without leave to replead. The facts alleged are not sufficient to support any of plaintiff's asserted claims, and would not support newly asserted claims of fraudulent inducement or promissory estoppel.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.